**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PATRICK PLUMLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPLIED GENETIC TECHNOLOGIES ) <br> CORPORATION, SUSAN B. WASHER, ) <br> WILLIAM ALISKI, YEHIA HASHAD, ED ) <br> HURWITZ, SCOTT KOENIG, JAMES A. ) <br> ROBINSON, JAMES ROSEN, and ANNE ) <br> VANLENT, ) <br> ) <br> Defendants. ) <br> ) | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Patrick Plumley ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Applied Genetic Technologies Corporation ("AGTC" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by portfolio company of Syncona Limited ("Syncona").[1]

2. On October 23, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") Alliance Holdco Limited ("Parent"), and Parent's wholly owned subsidiary Alliance Acquisition Sub, Inc. ("Purchaser").[2] The Merger Agreement provides that AGTC stockholders will receive (a) $0.34 per share in cash, plus (ii) one contingent value right per share ("CVR") representing the right to receive up to $0.73 per CVR in the aggregate contingent upon the achievement of certain milestones, per share of AGTC common stock via a tender offer (the "Tender Offer").[3]

3. The Company's corporate directors subsequently authorized the October 26, 2022, filing of the materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[4]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the

---

[2] Parent and Purchaser are affiliates of Syncona.

[3] Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on October 26, 2022.

[4] The Tender Offer is currently scheduled to expire at 5:00 p.m. Eastern Time on November 28, 2022.

event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.  Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.  Plaintiff is, and has been at all times relevant hereto, the owner of AGTC common stock.

10.  Defendant AGTC is a Delaware corporation with its principal executive offices located at 14193 NW 119th Terrace, Suite 10, Alachua, Florida 32165. AGTC's shares trade on the Nasdaq Global Market under the ticker symbol "AGTC." AGTC is a clinical-stage biotechnology company that uses its proprietary gene therapy platform technology to develop transformational genetic therapies for people suffering from rare and debilitating diseases. The Company's initial focus is in the field of ophthalmology, where it has wholly owned clinical-stage programs in X-linked retinitis pigmentosa and achromatopsia, and an optogenetics

3

program through the Company's collaboration with Bionic Sight, Inc. AGTC's preclinical pipeline includes a program in dry age-related macular degeneration, two programs targeting central nervous system disorders, including frontotemporal dementia and amyotrophic lateral sclerosis, and a program in otology through the Company's collaboration with Otonomy, Inc.

11. Defendant Susan B. Washer is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12. Defendant William Aliski is and has been a director of the Company at all times relevant hereto.

13. Defendant Yehia Hashad is and has been a director of the Company at all times relevant hereto.

14. Defendant Ed Hurwitz is and has been a director of the Company at all times relevant hereto.

15. Defendant Scott Koenig has been Chairman of the Board and a director of the Company at all times relevant hereto.

16. Defendant James A. Robinson is and has been a director of the Company at all times relevant hereto.

17. Defendant James Rosen is and has been a director of the Company at all times relevant hereto.

18. Defendant Anne VanLent is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**The Proposed Transaction**

20. On October 23, 2022, AGTC announced in relevant part:

GAINESVILLE, Fla. and CAMBRIDGE, Mass., Oct. 23, 2022 (GLOBE NEWSWIRE) -- Applied Genetic Technologies Corporation (Nasdaq: AGTC), a clinical-stage biotechnology company focused on the development and commercialization of adeno-associated virus (AAV)-based gene therapies for the treatment of rare and debilitating diseases with an initial focus on inherited retinal diseases (IRDs), today announced that it has entered into a definitive agreement pursuant to which a newly established portfolio company of Syncona Limited (LON: SYNC), a leading healthcare company focused on founding, building and funding global leaders in life science, will acquire AGTC, through a tender offer, for approximately $23.5 million ($0.34 per share) in cash at the closing of the transaction plus potential future aggregate cash payments of up to $50.0 million (up to $0.73 per share) pursuant to contingent value rights (CVRs). The board of directors of AGTC unanimously recommends that the shareholders of AGTC tender their shares in the tender offer once it is commenced.

"This transaction represents an attractive upfront cash offer to shareholders at a premium of approximately 42% to the current share price, with the potential to receive future upside based on the clinical success of XLRP and other pipeline assets through CVRs," said Dr. Scott Koenig, Chairman of AGTC's board of directors. "Our board and leadership team evaluated all alternative options to progress AGTC-501. Given the state of equity and other funding markets, we see significant challenges in funding ongoing operations beyond 2022. We believe that this transaction clearly will deliver the best value to our shareholders. AGTC's board of directors has unanimously approved the offer and strongly encourages shareholders to tender their shares."

"Our team has completed groundbreaking work for patients living with devastating retinal diseases," said Sue Washer, President and Chief Executive Officer of AGTC. "This transaction allows continued progress in advancing an important therapy for XLRP patients while also maximizing immediate and potential long-term value to our shareholders. On closing, AGTC will be Syncona's third company focused on retinal gene therapy, and we look forward to transitioning AGTC-501 to Syncona's experienced stewardship with the goal of advancing this differentiated product candidate to patients with XLRP."

"We share AGTC's passion in developing life changing treatments for patients with diseases with no currently approved therapies," said Chris Hollowood, Chief Investment Officer of Syncona Investment Management Limited. "Syncona has significant expertise in AAV gene therapy, and in particular, a strong track record of building retinal gene therapy businesses. We believe AGTC's XLRP program has the potential to be a best-in-class product that could

transform the lives of patients suffering with this devastating blinding condition."

Under the terms of the definitive agreement, an indirect subsidiary of Syncona Limited will initiate a tender offer to acquire all outstanding shares of AGTC common stock. The upfront cash consideration in the transaction will consist of $0.34 per share of AGTC common stock (including common stock underlying restricted stock units and in-the-money stock options). AGTC equity holders will also receive in the transaction, for each share of AGTC common stock, one non-tradeable CVR. The holders of the CVRs will be entitled to receive payments of up to an additional $50.0 million in the aggregate upon the achievement of certain milestones related to transactions involving AGTC's assets and regulatory and commercial milestones related to AGTC's products. The $0.34 per share represents a premium of approximately 42% and the potential for up to $1.07 per share (inclusive of the potential CVR value) represents a premium of up to approximately 344% over AGTC's closing stock price on October 21, 2022.

Under the terms of the definitive agreement, any shares not tendered in the tender offer will be acquired in a second-step merger at the same cash price as paid in the tender offer. The closing of the transaction is subject to customary closing conditions, including that the number of shares validly tendered and not validly withdrawn represents a majority of all shares of AGTC common stock then outstanding (treating as outstanding the shares underlying outstanding restricted stock units) plus the aggregate number of shares issuable to holders of stock options and warrants in respect of which AGTC has received notices of exercise prior to the expiration of the tender offer. Upon the closing of the transaction, the shares of AGTC's common stock will no longer be listed on any public market. Subject to certain limited exceptions, the CVRs will be non-transferable. There can be no assurance that any contingent payments will be paid. Syncona plans to finance the upfront cash consideration in the transaction with cash on hand.

The transaction was unanimously approved by AGTC's board of directors and is expected to close in the fourth quarter of 2022. All of the members of AGTC's board of directors and the executive officers of AGTC entered into a tender and support agreement with respect to all of the shares of AGTC common stock and/or stock options held by such persons (representing in the aggregate less than 1% of AGTC's equity), pursuant to which each such person agreed, among other things, to vote against other proposals to acquire AGTC and, subject to certain exceptions, to tender such person's AGTC shares pursuant to the tender offer.

MTS Health Partners, L.P. is acting as financial advisor to AGTC in connection with the transaction. Foley Hoag LLP is acting as legal advisor to AGTC in

connection with the transaction.  BTIG LLC is acting as financial advisor to Syncona and Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. is acting as legal advisor to Syncona in connection with the transaction.

**The Materially Incomplete and Misleading Solicitation Statement**

21. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on October 26, 2022.  The Solicitation Statement, which recommends that AGTC stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial analyses that support the fairness opinion provided by the Company's financial advisor MTS Securities, LLC ("MTS Securities"); (b) the background of the Proposed Transaction; and (c) MTS Securities' and Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning MTS Securities' Financial Analysis*

22. The Solicitation Statement fails to disclose material information concerning MTS Securities' financial analysis.

23. With respect to the *Offer Price NPV Calculation* performed by MTS Securities, the Solicitation Statement fails to disclose the cost of capital for each of the selected companies MTS Securities reviewed in estimating the Company's weighted average cost of capital.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

24. The Solicitation Statement fails to disclose material information concerning the background of the Proposed Transaction, including the terms of the confidential disclosure agreements the Company entered into with 16 potential counterparties, including whether any

contain a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding a party from submitting a topping bid for the Company.

25.     The Solicitation Statement also fails to disclose the specific pricing terms of each of the proposals the Company received from potential counterparties during the sale process.

*Material Misrepresentations and/or Omissions Concerning MTS Securities' and Company Insiders' Potential Conflicts of Interest*

The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by MTS Securities, including whether MTS Securities or MTS Health Partners, L.P. have performed any services for Syncona, Syncona Portfolio Limited, or Syncona Investment Management Limited, or any of their affiliates, in the two years preceding the date of its fairness opinion and, if so, the amount of compensation received for such services.[5]

26.     The Solicitation Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Syncona's proposals or indication of interest mentioned management retention in the combined company or the purchase of or participation in the equity of the surviving corporation.

27.     The omission of the above-referenced information renders statements in the "Opinion of the Company's Financial Advisor," "Background of the Offer and the Merger" and "Arrangements Between the Company and its Executive Officers, Directors and Affiliates" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

---

[5] *See* Solicitation Statement at 39.

28. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of AGTC will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

29. Plaintiff repeats all previous allegations as if set forth in full.

30. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting AGTC stockholders to tender their shares in the Tender Offer.

31. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

32. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

33. SEC Rule 14d-9 sets forth, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

34. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

35. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

36. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

37. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of AGTC, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

38. Plaintiff repeats all previous allegations as if set forth in full.

39. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made,

not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

40. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to AGTC stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning MTS Securities' financial analyses, the background of the Proposed Transaction, and MTS Securities' and Company insiders' potential conflicts of interest.

41. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

42. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

43. Plaintiff repeats all previous allegations as if set forth in full.

44. The Individual Defendants acted as controlling persons of AGTC within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as

11

officers and/or directors of AGTC, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

47. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, AGTC stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  November 8, 2022  **LONG LAW, LLC**

By:  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*